# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

KAYTLYN HANEY,            )
                    )
        **Plaintiff,**      )    **Case No.** _____
                    )
**vs.**                    )
                    )
**DEPOR INDUSTRIES, INC.,**  )    **JURY DEMAND**
                    )
        **Defendant.**    )

---

## COMPLAINT

---

Plaintiff Kaytlyn Haney ("Ms. Haney"), by and through counsel, brings this Complaint against Defendant Depor Industries, Inc. ("Defendant") as follows:

## I.    INTRODUCTION

1. This is an action for sex and pregnancy discrimination under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"), and for failure to accommodate under the Tennessee Pregnant Workers Fairness Act, Tenn. Code Ann. § 50-10-101, *et seq.* (2020) ("TPWFA").

2. The THRA executes the policies embodied in the federal Civil Rights Act of 1964, 1968, and 1972 ("Title VII"), and the Pregnancy Discrimination Act ("PDA"). § 4-21-101(a)(1).[1]

3. Congress enacted the PDA in 1978 to make clear that discrimination based on pregnancy, childbirth, or related medical conditions is a form of sex discrimination prohibited by Title VII.

---

[1] Ms. Haney anticipates amending her Complaint to add claims under Title VII and the Americans with Disabilities Act, as amended, after exhausting her administrative remedies before the U.S. Equal Employment Opportunity Commission.

1

4. Thus, the PDA extended to pregnancy Title VII's goals of achieving equality of employment opportunities and removing barriers that have operated in the past to favor an identifiable group of employees over other employees.

5. Like Title VII, the THRA prohibits pregnancy discrimination and mandates that pregnant women be treated the same for all employment-related purposes as other non-pregnant employees who are similar in their ability or inability to work.

6. As detailed below, in September 2021, Defendant expressly refused to hire Ms. Haney because of her pregnancy in violation of the THRA and the TPWFA.

## II. JURISDICTION & VENUE

7. This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between Ms. Haney and Defendant and the amount in controversy exceeds $75,000.

8. The claims asserted in this action arose in Sumner County, Tennessee; therefore, venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)-(c).

## III. PARTIES

9. Ms. Haney is an adult female individual and citizen of the United States who resides in Cottontown, Sumner County, Tennessee.

10. Defendant Depor Industries, Inc. is a Michigan for-profit corporation with its principal place of business located at 390 Park Street, Suite 300, Birmingham, MI 48009-3400; it may be served with process through its Tennessee registered agent: Theodore Howard, 1022 Fred White Blvd, Portland, TN 37148-8368.

11. At all relevant times Defendant has continuously been conducting business in Tennessee.

2

12. Defendant is an "employer" under the THRA and TPWFA as it employed 15 or more persons within Tennessee at all relevant times. Tenn. Code Ann. § 4-21-102(5) (requiring at least eight employees); Tenn. Code Ann. § 50-10-102(2) (requiring at least 15 employees).

## IV. RELEVANT FACTS

13. Defendant is a certified applicator of coatings to various metal components, including fasteners, stampings, and springs.

14. As relevant to this action, Defendant operates a 54,000-square-foot applicator facility in Portland, Tennessee.

15. On or about September 14, 2021, Ms. Haney applied for an Operator position at Defendant's Portland facility on Indeed.com.

16. Ms. Haney was qualified for and able to perform the Operator position.

17. Ms. Haney is pregnant with an expected due date of January 16, 2022.

18. Ms. Haney's husband, Royce Haney ("Mr. Haney"), is employed at the same facility and made his wife aware of the job opening. ***See* Exhibit A, Sworn Declaration of Royce Haney**.

19. Mr. Haney spoke with Defendant's 2nd shift supervisor, Nick Holtz ("Mr. Holtz"), about the available position and his concerns about Ms. Haney's pregnancy and exposure to paint fumes.

20. Mr. Holtz stated that he could place Ms. Haney in an area of the facility away from the paint room and near several open doors for ventilation purposes.

21. On or about September 16th, Ms. Haney met with Defendant's 1st Shift Production Manager, Chris Patterson ("Mr. Patterson"), to discuss the Operator position.

22. At this time, Ms. Haney submitted a handwritten employment application for the Operator position.

3

23. During the meeting, Mr. Patterson stated that he had thought it over and he did not want to hire Ms. Haney due to her being pregnant and needing to take time off in January.

24. Mr. Patterson also stated that he wanted to hire someone who would not need to take pregnancy-related leave and he did not want Ms. Haney to be around paint fumes.

25. Mr. Patterson told Ms. Haney that he would keep her application on his desk in case she wanted to contact him after she gave birth.

26. Defendant did not hire Ms. Haney because of her pregnancy.

## V. CAUSES OF ACTION

### A. Sex and Pregnancy Discrimination in Violation of the THRA
### Tenn. Code Ann. § 4-21-101, *et seq.*

27. Ms. Haney incorporates herein the facts set out in the foregoing paragraphs.

28. Under the THRA, pregnant women who are able to work must be permitted to work on the same conditions as other individuals.

29. Ms. Haney is a member of a protected class based on her sex (female) and pregnancy.

30. She was subjected to an adverse employment actions based on her sex (failure to hire).

31. Ms. Haney was qualified for the Operator position.

32. Upon information and belief, Defendant hired a non-pregnant person for the position.

33. By refusing to hire Ms. Haney because of her pregnancy, Defendant violated the THRA.

34. Defendant is liable for the actions of its managerial employees.

35. The unlawful employment action complained of above was intentional.

36. The unlawful employment action complained of above was done with malice and/or with reckless indifference to Ms. Haney's legal rights protected under federal and state law.

37. As a direct and proximate result of the actions of Defendant set forth above, Ms. Haney has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

4

38. As a direct and proximate result of such actions, Ms. Haney has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits owed to the Ms. Haney because of Defendant's conduct.

### B. Failure to Accommodate in Violation of the TPWFA Tenn. Code Ann. § 50-10-101, *et seq.*

39. Ms. Haney incorporates herein the facts set out in the foregoing paragraphs.

40. *Even if* Ms. Haney was not similar in her ability or inability to work as other non-pregnancy individuals, the Tennessee Pregnant Workers Fairness Act, Tenn. Code Ann. § 50-10-101, *et seq.* (2020), requires employers with 15 or more employees to make certain reasonable accommodations for medical needs arising from pregnancy, childbirth, or related medical conditions, absent the employer proving an undue hardship.

41. Refusal to provide a job applicant with such a reasonable accommodation constitutes an unlawful employment practice. Tenn. Code Ann. § 50-10-103.

42. Mr. Haney requested an accommodation on Ms. Haney's behalf.

43. Defendant could have accommodated Ms. Haney, as evidenced by Mr. Holtz stating she could be placed in a physical location away from the paint room and with additional ventilation.

44. Defendant did not provide or attempt to provide any reasonable accommodation such as a "modif[ied] work schedule[]" or "modifying … an employee's workstation." *Id.* at 102(3)(I)-(J).

45. Defendant could have provided a modified work schedule after giving birth, located Ms. Haney away from the paint room, or provided other reasonable accommodation to reduce fume exposure.

46. An accommodation for Ms. Haney would not have caused an undue hardship for Defendant.

47. Instead, Defendant refused to hire Ms. Haney.

## VI.    PRAYER FOR RELIEF

48. Based on the foregoing, Ms. Haney prays for the following relief:

A.  That she be awarded damages in the amount of any wages, salary, employment benefits, or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

B.  Compensatory damages;

C.  Reasonable attorney's fees;

D.  The costs and expenses of this action;

E.  An offset to mitigate the tax burden of any lump sum award;

F.  Injunctive relief barring Defendant from undertaking such discriminatory practices against other prospective employees, mandating pregnancy discrimination prevention training, and taking other such injunctive action as the Court finds appropriate;

G.  Such other legal and equitable relief to which Ms. Haney may be entitled; and

H.  A jury to try this cause.


Respectfully Submitted,

/s/ Curt Masker

Curt M. Masker, TN Bar No. 037594
THE MASKER FIRM
810 Dominican Drive, Suite 314
Nashville, TN 37228
Telephone: (615) 270-2098
Facsimile: (615) 821-0632
curt@maskerfirm.com

*Counsel for Ms. Haney*

6